**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2005
Decided November 15, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2280

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

CLARENCE L. BELL,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Western District of Wisconsin

No. 04-CR-182-S-01

John C. Shabaz,
*Judge.*

**ORDER**

In October 2004, Clarence Bell was arrested and charged with knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty, and the district court, relying on a presentence report that drew no objection from Bell, calculated a guideline imprisonment range of 92 to 115 months based on a total offense level of 23 and criminal history category of VI. The court sentenced Bell to 115 months, explaining that his extensive criminal history justified a sentence at the high end of the guideline range. Bell filed a notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern a nonfrivolous argument for appeal. We invited Bell to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Therefore, we will consider only

the potential issues counsel identifies.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Bell has not indicated that he wants his guilty plea set aside, so counsel appropriately avoids discussing whether Bell might argue that the plea could be challenged as involuntary.  *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).  Counsel instead focuses on Bell's sentence, asking first whether Bell might argue that the district court misapplied the guidelines.

Although we agree that any such challenge would be frivolous, we note one questionable calculation that counsel fails to mention.  The district court assessed two criminal history points for a battery committed by Bell at age fourteen and adjudicated in juvenile court.  The juvenile court ordered that Bell be placed at the Norris Adolescent Treatment Center through September 1999 for this offense, but the guidelines allow two criminal history points for offenses committed before age eighteen only if the offender was confined at least sixty days and released no more than five years before commencement of the federal offense.  U.S.S.G. § 4A1.2(d).  Bell apparently was released from Norris as scheduled in September 1999–more than five years before committing his § 922(g)(1) offense in October 2004.  But he was sent to another juvenile facility in May 2000.  The reason for the second period of detention is not clear from the record, and the district court may have concluded that Bell was still under juvenile-court supervision for the battery after his release from Norris and was sent to the second facility for violating the terms of this supervision.  If this was the case, then Bell's confinement for the juvenile battery ended less than five years before his federal offense.  *See* U.S.S.G. § 4A1.2(k)(2)(B).  We could not firmly reject this possibility based on the present record, and since our review is limited to plain error given that Bell did not object to the guideline calculations on this or any other ground, *e.g.*, *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848–49 (7th Cir. 2005), we conclude that any potential argument premised on these two criminal history points would be frivolous.

Counsel identifies several other potential issues in her brief, and we agree that all of them are frivolous.  Bell's sentence does not exceed the default ten-year statutory maximum for offenses under § 922(g), *see* 18 U.S.C. § 924(a)(2), and for that reason alone he could not challenge the term under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), even if prior convictions were not already excluded from the rule of *Apprendi* by *Almendarez-Torres*, 523 U.S. 224 (1998).  *See*, *e.g., United States v. Kibler*, 279 F.3d 511, 517 (7th Cir. 2002) (explaining that rule of *Apprendi* does not apply if sentence imposed is within default statutory maximum).  Moreover, the district court considered the guidelines to be advisory in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005), so there is no issue there.  Finally, Bell cannot plausibly argue that his prison sentence is unreasonable.  A sentence within a properly calculated guideline range is presumptively reasonable,

*United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel is unable to identify any factor under 18 U.S.C. § 3553(a) that might allow us to conclude that the sentencing court was compelled to impose a lower sentence.

For the foregoing reasons, we GRANT counsel's motion and DISMISS the appeal.